vention of the agreement upon which they were delivered, these facts do not justify granting a new trial. Proof of facts, amounting to a fraudulent diversion of the bonds, would impose on the purchaser the burden of showing a purchase for value, and without notice. He could not rest upon the presumption derived from the possession of the coupons; and the only effect of the newly-discovered evidence, in this case, would be to shift the burden of proof, and not to change the result of the controversy. For these reasons, the motion is denied.

---

## Case No. 11,082a.

### PHENIX INS. CO. v. The FRANK G. FOWLER.

### CONWAY v. SAME.

[See 17 Fed. 653.]

---

PHETTEPLACE (PARKER v.). See Case No. 10,746.

---

## Case No. 11,083.

### PHETTIPLACE v. SAYLES et al.

[4 Mason, 312.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1826.

INSOLVENCY—WHAT AMOUNTS TO REPRESENTATION AS TO PROPERTY—FRAUDULENT CONVEYANCE—RELEASE—RE-EXAMINATION OF WITNESS AFTER CLOSE OF DEPOSITION.

1. If a release be given by a creditor to a debtor, where he has been misled by a fraudulent misrepresentation, or other artifice of his debtor, the release may be set aside in equity. But the mere fact that the debtor had made a previous assignment of property, which would be fraudulent as to creditors, if known to the creditor, or if not intended to mislead him, will not alone work such an effect.

[Cited in Benter v. Patch, 18 D. C. 592; Richards v. Hunt, 6 Vt. 255; Reynolds v. French, 8 Vt. 88.]

2. What circumstances amount to a misrepresentation.

3. Where a party applies for, and attains the benefit of an act of insolvency upon his petition and representation of such insolvency, and a statement of what his property is; such statement is a representation to all his creditors, that it contains all his property, and is made in good faith.

4. What circumstances are presumptive of a conveyance being fraudulent as to creditors; want of possession of real estate is not, as it is of personal estate, a presumption of fraud.

[Cited in Almy v. Wilbur, Case No. 256; Re Hussman, Id. 6,951; Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 763.]

[Cited in Hempstead v. Johnston, 18 Ark. 123; Quill v. Wolfe, 4 D. C. 190; Shaw v. Thompson, 43 N. H. 132.]

5. In chancery, where the deposition of a witness has been once taken and closed, it is not the practice to allow him to be re-examined without an order of court, and then only upon good cause shown.

---

[1] [Reported by William P. Mason, Esq.]

[This was a bill in equity by Ebenezer Phettiplace against Daniel Sayles and Hardin Sayles, for relief.]

Mr. Steere, for plaintiff.
Whipple & Tibbetts, for defendants.

STORY, Circuit Justice. This is a suit in equity, brought by the plaintiff, a judgment creditor of the defendant, Daniel Sayles, to set aside a release and composition discharging the debt, and to obtain other relief against the judgment debtor, and also against his son, the co-defendant, Hardin Sayles, as the asserted owner of certain real and personal estate of his father, under a conveyance made to defraud creditors. The circumstances of the case are as follows: The plaintiff commenced suits for the recovery of the debts due him from the defendant, Daniel Sayles, in May, 1817, and obtained judgment thereon at December term of the court of common pleas, in the same year. On the first day of the same month, and pending the suits, the defendant, Daniel Sayles, conveyed to one Cyrus Sayles (his nephew), in fee simple for the asserted consideration of $1,000, the farm on which he (the defendant) then lived, and has ever since continued to live, with the dwelling-house, barn, mill, &c. thereon, and also a wood lot of about 20 acres. On the 13th of March, 1818, Daniel Sayles conveyed certain real and personal estate therein mentioned (not including that conveyed to Cyrus Sayles), to one John Wood, in trust to sell the same, and to distribute the proceeds among certain scheduled creditors (including the plaintiff), who should accept the assignment, with a proviso, that the conveyance should be void, unless the creditors to one third of the amount of the debts should accept the same in writing, and discharge him from their debts. In April, 1818, Daniel Sayles being in gaol on execution by some of his creditors, filed a petition to the general assembly of Rhode Island, praying for the benefit of the insolvent law of that state. In this petition he sets forth that he has nothing to offer as an inventory of property but his wearing apparel, his "property being all assigned for the benefit of all the creditors who may choose to accept the same." The petition was granted by the general assembly at its June session, 1818, and the petitioner having, in the mean time, on the 8th of May, been committed on executions, which issued on the plaintiff's judgments against him, was in the usual manner discharged therefrom under the insolvent law. An instrument of release bearing date the same day with the assignment to Wood, and reciting the purport of it, was executed by the scheduled creditors, and among others by the plaintiff, accepting the assignment, and upon payment of their distributive shares (which have been received), discharging their debts. The plaintiff did not sign this instrument until after the debtor was discharged under the insol-